UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEMETRIUS ROBERTSON | * | CIVIL ACTION |
| VERSUS | * | NO. 20-2412 |
| SHERIFF RANDY SMITH | * | SECTION "H"(2) |

## REPORT AND RECOMMENDATION

Plaintiff, Demetrius Robertson, has filed this lawsuit *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983, against St. Tammany Parish Sheriff Randy Smith alleging unconstitutional conditions of confinement. ECF No. 1, Complaint. He contends that he was placed in a holding cell for 16 days with 19 other inmates, he had to sleep on the floor or benches with no mats, the temperature was cold, the guards took his underwear and socks, he received inadequate meals, he was only provided four showers in 14 days, and he never went outside. *Id.* at 4-5. He alleges that as a result of the unsanitary conditions, he caught a staph infection and other rashes, was dehydrated and constipated, and sustained bruising and sores on his hips and numbness in his extremities. *Id.* He seeks $1.5 million for pain and suffering, past, present and future, an apology, and changes in the policy. *Id.* at 5.

Pursuant to § 1915(e)(2)(B), § 1915A, and 42 U.S.C. § 1997e, the Court shall *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that the proceeding is frivolous or malicious.[1] Repetitious litigation raising the same cause of action as a previous or pending lawsuit is subject to dismissal under § 1915(e)(2)(B) and § 1915A as malicious.[2] Thus, complaints filed *in forma pauperis* may be dismissed as frivolous when they

---

[1] *Wesley v. LeBlanc*, 815 F. App'x 817, 818 (5th Cir. 2020).
[2] *See Roberson v. Breen*, 444 F. App'x 841, 842 (5th Cir. 2011) (citing *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989)); *see also Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (A complaint is malicious if it "duplicates claims involving the same series of events" and

seek to relitigate claims that allege substantially the same facts arising from a common series of events that have already been unsuccessfully litigated.[3]

Plaintiff's claims raised herein are the same as the claims that he raised in an earlier suit, *Demetrius Robertson v. Sheriff Randy Smith*, Civ. Action No. 20-1614 "T" (1), filed on May 28, 2020. The Court dismissed that earlier suit as frivolous on June 17, 2020. In that earlier complaint, Robertson named the same defendant (Sheriff Randy Smith) and sought the same relief (damages caused by conditions of confinement in the St. Tammany Parish jail under 42 U.S.C. § 1983). As the claims raised in Civ. Action No. 20-1614 "T"(1) are identical to the claims asserted in this complaint, this complaint is subject to dismissal as malicious under § 1915(e)(2)(B) and § 1915A.

This dismissal qualifies as a "strike" under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). Plaintiff is cautioned that, once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See Schoor v. Brown*, 733 F. App'x 223, 224 (5th Cir. 2018) (28 U.S.C. § 1915(g)); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (discussing §1915(g) of the Prison Litigation Reform Act).

Accordingly,

**IT IS RECOMMENDED** that this case be **DISMISSED WITH PREJUDICE** as malicious under Title 28 U.S.C. § 1915(e)(2)(B), § 1915A, and 42 U.S.C. § 1997e because the

---

alleges "many of the same facts asserted by the same plaintiff in prior or pending litigation."); *Emmett v. Hawthorne*, 459 F. App'x 490, 491 (5th Cir. 2012) ("An action is duplicative if it involves 'the same series of events' and allegations of 'many of the same facts as an earlier suit.'") (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)).

[3] *Wilson*, 878 F.2d at 850 ("To this end, IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff.") (citing *Bailey*, 846 F.2d at 1021).

claims raised herein are duplicative of the claims raised in Plaintiff's previous case filed in this court, Civil Action No. 20-1614 "T"(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[4]

New Orleans, Louisiana, this __17th__ day of September, 2020.

_____<br>
DONNA PHILLIPS CURRAULT<br>
UNITED STATES MAGISTRATE JUDGE

---

[4] *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1430 (5th Cir.1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing objections, which period was extended to fourteen days by amendment effective December 1, 2009. 28 U.S.C. § 636(b)(1).